## Case No. 8,239a.

### LEMMONS v. CHOTEAU.

[Hempst. 85.] [1]

Superior Court. Territory of Arkansas. Nov., 1829; July, 1830.

NOTES—ACTION AGAINST ASSIGNOR—DILIGENCE IN PROSECUTING MAKER—MAKER NOT FOUND.

1. The assignee of a note must use due diligence, by prosecuting the maker to insolvency, or show some sufficient excuse for the failure, before he can hold the assignor liable.

2. That the maker is a transient and unsettled person, without averring insolvency, is not sufficient to excuse the holder from using due diligence.

At law.

Before JOHNSON, BATES, ESKRIDGE, and TRIMBLE, JJ.

JOHNSON, J. This is an action brought by [James] Lemmons to recover of [Augustus] Choteau, upon an assignment which the latter made to the former, of a note executed by William S. Williams. The note of Williams bears date the 5th of October, 1824, was payable the 25th of December following, and was assigned by Choteau to Lemmons the 6th of October, 1824. The declaration of Lemmons nowhere suggests that he has exercised any diligence by prosecuting a suit against the maker of the note. It states that when the note became payable, he made diligent search after Williams, the maker of the note, and has continued to make diligent inquiry for said Williams up to the time of bringing this suit, but could not find him; and avers that Williams, at the time of the assignment, was not a citizen or resident of this territory, nor at this time resides in this territory; and that he never did reside in this territory, nor has he any property here whereon to make or collect the amount of the note, or any part of it. The doctrine has been long settled by a uniform current of decisions in the states of Virginia and Kentucky, upon a statute in all respects analogous to ours, that the assignor of a bond or note is liable upon his assignment in the event of a failure to obtain payment of the bond or note, after due diligence has been used by the assignee to coerce payment. If the question were now presented for the first time, it might admit of great doubt, whether, according to common law principles, the assignor would be responsible where the debt assigned was just and fair, and the failure to obtain payment resulted alone from the insolvency of the maker of the bond or note. It cannot be asserted that there is a failure of the consideration because the right to a just debt is sold and transferred, and the inquiry arises, whether the assignor or the assignee takes upon himself the risk of the insolvency of the obligor or payor. I should incline to the opinion that where the parties were

silent, the law would cast the risk upon the purchaser of the bond or note, and would not raise an implied contract on the part of the assignor, that he took upon himself and insured the solvency of the obligor or maker of the note. But this question I consider at rest, by the decisions referred to, as well as by the previous decisions of this court. We have repeatedly held that the assignor is liable to the extent of the sum received by him, upon a failure on the part of the assignee to obtain payment after the use of due diligence. The question in this case is, whether that diligence which the law requires has been used. In the case of Brinker v. Perry, 5 Litt. (Ky.) 194, the court says, "that, in general, due and proper diligence by suit against the maker of a note must be employed by the assignee to enable him to have recourse against the assignor, cannot at this day be doubted." The necessity of doing so has been repeatedly decided by this court, and as a general principle must now be considered as incontrovertibly settled. To this general principle there are, no doubt, exceptions. Does the case at bar fall within any one of those exceptions? The allegations in the case just referred to, were, that when the note became payable, Moody, the maker, had left, and continued out of the state for many months, and is still out, so that the amount could not be recovered of him. The averments in this declaration are, that the plaintiff has made diligent search for Williams, the maker of the note, but has been unable to find him; that Williams at the time of the assignment, and ever since, has not resided within this territory. In the case of Brinker v. Perry, the maker of the note was out of the state when the note became payable, and was out at the commencement of the suit. In the case at bar, precisely the same facts are alleged. The only difference in the two cases is, that it is averred in the present case that the plaintiff has made diligent search for the maker of the note, from the time it became due until the institution of this suit.

The court of appeals of Kentucky, in the case referred to, say: "It is unimportant whether the declaration be understood to allege the fact of the maker of the note having removed from the state, or only absented himself on a temporary occasion. In either case the principle is the same, and in neither case can there be a recovery against the assignor, without due diligence, by suit, having been exercised against the maker of the note. If the absence was merely temporary, there was nothing to prevent Brinker from suing the maker of the note, and if there was a permanent removal, as it is alleged to have taken place before the note was assigned, he must be understood to have undertaken to pursue the maker of the note, by suit, in the country to which he had removed, before recourse could be had against the assignor." Apply this doctrine to the

---

[1] [Reported by Samuel H. Hempstead, Esq.]

case now before us. If the maker of the note resided out of the limits of this territory, as is alleged in 'the declaration, at the time the note was assigned to the plaintiff, he must be understood to have undertaken to pursue the maker of the note, by suit, in the country where he did reside, before he could have recourse against the defendant. The two cases are exactly similar, and the only diversity that could be imagined, consists in the allegation of the diligent but unsuccessful search after Williams, the maker of the note, and that is an averment wholly immaterial, and can have no bearing in the case. The case of Brinker v. Perry, I consider as authority of high character, and precisely in point, without a shade of difference; and on that I am clear that the demurrer to the declaration should be sustained. Demurrer sustained.

The plaintiff amended his declaration, to which there was a demurrer, which was determined before JOHNSON, BATES, ESKRIDGE, and CROSS, JJ., July, 1830.

JOHNSON, J. A demurrer having been sustained to the declaration in this case at a former term, an amended declaration has been filed by the plaintiff, to which the defendant has again demurred. The averments in the former declaration were, that the plaintiff had made diligent search for Williams, the maker of the note, and could not find him, and that he never did reside in this territory, nor has he any property whereon the said amount or any part of it could be made or collected. Upon these averments this court decided that the plaintiff failed to show the use of that diligence to recover the debt against Williams, which entitled him to recover upon the assignment made by the defendant. The ground of that opinion was, that as the plaintiff himself alleged that Williams was a non-resident at the time of the assignment of the note, he was bound to pursue him to the country where he did reside, or where he might be found, and there bring suit against him, and pursue him to insolvency, before he could have recourse against the assignor. In this opinion we were fully sustained by the case of Brinker v. Perry, 5 Litt. [Ky.] 194. Is the case materially varied by the amended declaration? What are the averments? That the plaintiff has made diligent search for Williams, and has not been able to find him, or any property upon which to levy an attachment; that he has not been able to find any fixed residence of Williams, but that before the note became due, Williams went beyond the limits of this territory into the Osage Nation of Indians, and has lived there ever since, so that no legal process could be served on him, nor could he be compelled in the Osage country to pay any part of the note, and that Williams is a wanderer in that Nation, and has no special place of residence.

The plaintiff in the preceding allegations does not inform the court that Williams resided in this country at the time the defendant assigned the note. If that averment was made, and also the averment of the subsequent removal of Williams from this territory, and that he had gone to parts unknown to the plaintiff, or that he was insolvent, these allegations might dispense with the averment of the use of due diligence by suit, and entitle the plaintiff to maintain the action. But the averments are, that Williams executed the note in this territory, and shortly after went beyond our limits into the country belonging to the Osage Indians, and has there wandered ever since. The fact that Williams is a transient person or wanderer, and cannot be found, if he was so at the time the note was assigned, does not excuse the use of diligence by suit, for if the plaintiff received the assignment of a note executed by a person thus transient and wandering, he must be understood to have undertaken to search for and find him and bring suit against him to coerce the payment of the note. Where a man receives a note by assignment upon a person residing in a different state or country, he is bound to sue the obligor of the note in the country where he resides, if he cannot be found elsewhere; and where a person takes a note by assignment upon a transient and unsettled person, having no fixed place of residence, he impliedly undertakes to find the obligor or maker of the note, and to bring suit against him before he can have recourse against the assignor. It is, however, contended that in the Osage Nation of Indians, there is no mode of coercing the payment of a debt. The answer is, that the plaintiff has not averred that the payment of a debt cannot be coerced in the Osage Nation, and if he had made the averment it could not avail him, unless he had also averred the insolvency of Williams; for the defendant is liable upon the assignment, only in the event of the maker of the note being unable to pay it. Demurrer sustained.

NOTE. If the maker is notoriously insolvent, so that a suit would be fruitless, the assignee is not bound to sue him, before he can resort to the assignor, because the law never requires an useless act. Saunders v. Marshall, 4 Hen. & M. 455.